UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT ERIC HOLCOMB, Plaintiff, v. INTERNAL REVENUE SERVICE, Defendant. | Case No.: 19cv1482-LAB<br><br>**ORDER DEEMING PLAINTIFF'S RESPONSE STRICKEN IN PART; AND**<br><br>**ORDER OF DISMISSAL** |
|---|---|

**Background**

After Plaintiff Robert Holcomb filed his motion to quash a summons served on Wells Fargo Bank by the I.R.S., the Court issued several orders to show cause in an effort to determine whether there was more than one Plaintiff, and what he or they were asking for, as well as to confirm its jurisdiction. After Holcomb responded to the first order, it became clear he was the only Plaintiff who was properly before the Court. Although the initiating pleading suggested that Brother's Keeper Ministry might also be a Plaintiff, the Ministry could not proceed either *pro se* or represented by a non-lawyer such as Holcomb. It also appeared likely the Court lacked jurisdiction.

The Court's next orders focused on jurisdiction. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (court must raise

jurisdictional issues such as standing, even if the parties do not). Holcomb was cautioned that he was required to establish that the Court had jurisdiction to hear his claims, and that until he did so, the Court was presumed to lack it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He was also cautioned that if he failed to establish jurisdiction, the action would be dismissed. After his response to the first order proved inadequate, the Court on September 23 ordered him specifically to show that he had complied with the procedural requirements of 26 U.S.C. § 7609(b). (Docket no. 8.) Fully compliance with these requirements is jurisdictional. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).

**Striking Arguments**

The Court's September 23 order required Holcomb to file a declaration complying with 28 U.S.C. 1746, addressing four issues. (Docket no. 9.) The Court ordered him <u>not</u> to include any legal arguments or other material—particularly requests for reconsideration—and cautioned him that if he attempted to do so, the declaration may be rejected for filing. (*Id.* at 4:19–22.)

Holcomb has now filed a document including several pages of legal arguments taking issue with the Court's earlier rulings, and his declaration. Under Fed. R. Civ. P. 12(f)(1), the Court may *sua sponte* strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Holcomb's legal arguments, beginning just below the caption on page 1 of his response and continuing through page 4, just above the subheading "Court Requested Declaration" are impertinent and improper for any number of reasons. They are legally frivolous, they violate Fed. R. Civ. P. 11(b), and they include unauthorized requests for reconsideration in violation of both the Court's order and the Chambers standing order. And of course, he was ordered not to include them here. These arguments are **DEEMED STRICKEN** and the Court will not address them.

/ / /

**Jurisdiction**

The Court's September 23 order required Holcomb's declaration to state what date he first knew the I.R.S. had sent the summons to Wells Fargo, and the date he first received a copy of it. The order also required him to specify what steps he took to comply with the notice requirements of 26 U.S.C. § 7609(b)(2)(B). That order pointed out that a copy of his petition had to have been mailed by registered or certified mail to both Wells Fargo and the I.R.S. (Docket no. 8 at 4:15–17.) He was also ordered to attach to his declaration a copy of the receipts showing his compliance with these requirements. (*Id.* at 4:18–19.)

It is uncertain whether, or when the I.R.S. gave Holcomb notice of the summons as required under 26 U.S.C. § 7609(a)(2). Bearing in mind that Holcomb may not have a "last known address," the service date may be the date the summons was mailed to Wells Fargo, *see id.*, which must have been some time before July 15, the date Wells Fargo sent Holcomb a letter about the summons. In that case, the motion would be untimely and the Court would lack jurisdiction for that reason.

But even assuming the I.R.S. failed to follow the notification procedures set forth in 26 U.S.C. § 7609(a)(2), the twenty-day clock for him to file his motion to quash does not stop indefinitely. *See Kalra v. United States*, 2013 WL 1749385, at *3 (N.D. Il., Apr. 23, 2013) (citing *Sylvestre v. United States*, 978 F.2d 25, 27–28 (1st Cir. 1992); *Cook v. United States,* 104 F.3d 886, 890 (6th Cir. 1997)) (holding that I.R.S.'s failure to follow notification procedures under 26 U.S.C. § 7609(a)(2) can be excused where movant was not prejudiced). As soon as Holcomb received actual notice of the summons, he was no longer prejudiced by any possible defect in the I.R.S.'s notification procedures. *See Kalra* at *4. Holcomb's reply shows that he knew on July 20, 2019. that Wells Fargo had received the I.R.S. summons. He therefore had at most 20 days from that date to both file his motion to quash and to serve it as required under 26 U.S.C. § 7609(b).

Although the government's failure to comply with notice requirements under 26 U.S.C. § 7609 may be excused, the rule does not work in reverse to excuse a movant's failure to comply. Because sovereign immunity is at stake, movants must strictly comply with the requirements of 26 U.S.C. § 7609(a)(2). *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009). Although Holcomb was ordered to show that he has complied with these requirements, he failed to do so.

Holcomb's declaration, along with the attached receipts, shows only that a copy of his motion was mailed to the I.R.S. by Priority mail, not certified or registered mail. *See Env'tl Law & Pol'y Ctr. v. U.S. Envir. Agy.*, 349 F. Supp. 3d 703, 713 n.6 (N.D. Oh. 2018) (pointing out that service by priority mail was not the same as service by certified or registered mail); *Shupe v. Gen. Servs. Admin.*, 2017 WL 6209142, at *2–3 (D. Ariz., Apr. 25, 2017) (finding that *pro se* plaintiff's use of priority mail rather than certified or registered mail did not satisfy service requirement). Although priority mail may also be sent as certified mail, the two are not the same. *See Ming Kuo Yang v. City of Wyoming, Mich.*, 31 F. Supp. 3d 925, 932 n.6 (W.D. Mich., 2014). Certified mail is ordinarily documented by a green mailing receipt, which Holcomb has not attached.

Furthermore, Holcomb did not mail Wells Fargo a copy at all. Instead, he followed Wells Fargo's instructions in its letter to someone else, and merely faxed the bank a copy. Even if Wells Fargo's request for fax notice could excuse strict compliance with § 7609(a)(2)—which they cannot—Wells Fargo did not purport to instruct Holcomb on how to file and give notice of a motion to quash. Its letter requested immediate notice that a motion to quash had been filed, so that it would know how to proceed. Wells Fargo had previously disclaimed any suggestion that it was giving or could give legal advice or assistance:

/ / /

/ / /

/ / /

> If you'd like to take any action related to this legal order [the summons], we recommend you contact an advisor of your choice, such as an attorney, for guidance as soon as possible; Wells Fargo cannot advise you in this matter.

(Docket no. 1 at 7 (Wells Fargo letter dated July 15).)

Holcomb's failure to mail a copy of his motion to Wells Fargo by registered or certified mail means the Court lacks jurisdiction, and the motion must be dismissed. *See Ramirez v. United States*, 604 Fed. Appx. 575, 576 (9th Cir. 2015). Furthermore, because the 20-day window has already passed, he cannot correct this defect.

**Conclusion and Order**

The Court lacks jurisdiction to grant the relief Holcomb seeks. The motion to quash is **DISMISSED WITHOUT LEAVE TO AMEND**.

   **IT IS SO ORDERED**.

Dated: October 10, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge